USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/7/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Freedom Mortgage Corporation,

        Plaintiff,

–v–

Richard Tschernia,

        Defendant.

20-cv-1206 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Freedom Mortgage Corporation moves to amend its complaint to revive claims for indemnification and breach of restrictive covenants that the Court ordered dismissed in its March 26, 2021 Memorandum Opinion & Order, Dkt. No. 35. It alternatively requests that the Court enter partial final judgment under Federal Rule of Civil Procedure 54(b). The Court denies the motion.

    1. As the Court explained in its Order of April 20, 2021, Dkt. No. 41, Freedom has waived its right to amend claims the Court has dismissed by failing to offer such amendment in response to Tschernia's motion to dismiss. Pursuant to Rule 3.F of this Court's Individual Practices in Civil Cases, a plaintiff automatically receives an opportunity to amend its complaint to correct any deficiencies made clear by a defendant's motion to dismiss. The Court advised Freedom of this rule. *See* Dkt. No. 22. The Court further advised Freedom that it would waive its right to amend its complaint to correct any deficiencies made clear by Tschernia's motion if it did not do so before disposition of the motion. *See* Dkt. No. 22 (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160 (2d Cir. 2015)). The Court dismissed

Freedom's claims for indemnification and breach of restrictive covenants for precisely the reasons set forth in Tschernia's motion to dismiss. Freedom had fair notice of those defects and did not timely correct them. Amendment now would delay discovery and force Tschernia to incur additional, unreasonable costs to relitigate the same issues. Freedom has thus waived any further amendment to these claims.

2. Freedom's proposed amendments are futile. As the Court explained in both its March 26 Memorandum Opinion and its April 20 Order, the restrictive covenants are unenforceable as a matter of New York Law. *See* Dkt. No. 35, at 7–9; Dkt. No. 41. Freedom's new allegations that it terminated Tschernia for cause (cause that appears to consist of nothing more than refusing to acquiesce to unlawful restrictive covenants) does not change the Court's conclusion. That conclusion also rested on the covenants' extraordinary scope and the lack of any legitimate interest justifying its anticompetitive effects. As the Court explained in its March 26 Memorandum Opinion, Freedom's claim for indemnification relies on a release provision that penalizes Tschernia for violating the same unlawful restrictive covenants. *See* Dkt. No. 35, at 9. Freedom's proposed amendments would not save these claims.

3. Entry of partial final judgment is unwarranted here. Rule 54(b) permits, but does not require, a district court to enter a partial final judgment "when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action." *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (cleaned up). "Respect for the 'historic federal policy against piecemeal appeals' requires that such a certification not be granted routinely." *L.B. Foster Co. v. Am. Piles, Inc.*,

138 F.3d 81, 86 (2d Cir. 1998) (some internal quotation marks omitted) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)).  This case presents a number of interrelated issues concerning Freedom's business relationship with Tschernia, and the Court concludes that piecemeal appeals will waste the resources of both the parties and the courts.  It thus declines to exercise its discretion to enter a partial final judgment.

The Court DENIES Freedom's motion to amend (Dkt. No. 45).  It GRANTS Freedom's motion to seal portions of the exhibits to its proposed amended complaint (Dkt. No. 43) because they contain financial information of third parties and are irrelevant to the live claims in this action.

This resolves Docket Numbers 43 and 45.

SO ORDERED.

Dated: May 7, 2021
New York, New York

ALISON J. NATHAN
United States District Judge